And further the judgment has been discharged by a receipt, which makes the case more difficult.

3. The hay is properly chargeable in account; and a copy at least of the charge should be exhibited.

4. The executions and returns should be exhibited to show that Pearson is liable.

Instead of an affidavit I wish to see a bill, especially as the complainant has a complete remedy at law for all his demands; and because some of them may not in any form be recoverable.

The difficulty which the complainant may be in by reason of the execution against him does not form a sufficient ground for the interposition of a court of chancery. It is not shown that Pearson is insolvent, and that without arresting his proceeding at law, the complainant will lose his demands.

## JOHN CONNER v. OTHO PENNINGTON and TIMOTHY CUMMINS

Court of Chancery. New Castle. October 8, 1821.

*Ridgely's Notebook III, 494.*

## [THE BENCH AND BAR.]

High Court of Errors and Appeals. October 16, 1821.

*Ridgely's Notebook III, 500.*

The Court met this morning according to adjournment. Present: RIDGELY, CHANCELLOR. WARNER, WAY and COOPER, Justices of the Court of Common Pleas. The Justices of the Supreme Court also. BOOTH, Chief Justice of the Court of Common Pleas, absent at home by indisposition, so that all the judges of this Court were in attendance but MR. CHIEF JUSTICE BOOTH.

The Gentlemen of the Bar who attended were according to seniority, if no mistake is committed in this particular, George Read, Caesar A. Rodney, Nicholas Vandyke, Thomas Clayton, Henry M. Ridgely, Peter Robinson, Willard Hall, James Rogers.